UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ELTON HOUSTON,

        Plaintiff,

                                      File No. 2:08-CV-124

v.

                                      HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

        Defendants.
                                  /

**ORDER APPROVING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On July 31, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Elton Houston's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) as duplicative and frivolous. (Dkt. No. 11.) Plaintiff filed objections to the R&R on August 5, 2008. (Dkt. No. 12.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends dismissal of Plaintiff's complaint because Plaintiff currently has pending another federal court suit based on the same facts, naming two of the same

defendants, and requesting the same relief. *Houston v. Riley*, No. 2:07-CV-63 (W.D. Mich. Mar. 30, 2007).

Plaintiff recognizes a probability exists that the claims in the present complaint may be construed as duplicative and frivolous in regards to defendants Riley and Burnett, but he nevertheless objects to the R&R because he contends that he should be allowed to proceed against Defendants Caruso and Stapleton who were not named in the previous action.

The fact that Plaintiff's second suit names two defendants that were not named in his first suit does not save his second suit from being found to be duplicative. Where the factual allegations are the same and the actions of the newly named defendants merely formed a partial basis for the previous suit, the suit against the new defendants may be found to be duplicative. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (affirming dismissal of a prisoner's second *in forma pauperis* civil rights suit as duplicative even though the second suit named different defendants); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934 (E.D. Mich. July 31, 2006) (dismissing action as duplicative despite the addition of new defendants, noting that "while courts require that multiple complaints do not 'significantly differ,' there is no requirement that the parties be exactly identical; instead, courts focus on the substance of the complaint"). The Magistrate Judge correctly determined in this action that there is such a substantial similarity between the parties, legal claims, factual allegations, temporal circumstances, and relief sought in Plaintiff's two actions that, despite the addition of two new defendants, his second action is properly dismissed as

duplicative. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 12) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated: March 5, 2009               /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE